# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D16-1790
_____

WILLIAM GEORGE REDMOND, III,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, III, Judge.

April 5, 2018


PER CURIAM.

Following his four convictions—two for sexual battery, one for assault, and the last for procuring another for prostitution—William Redmond, III, alleged his trial counsel to be ineffective based on three grounds. The trial court denied all three grounds and, on appeal, we affirm.

The victim, working as a prostitute, came to an agreement with Redmond to perform certain sexual activities for a set price. However, it soon became apparent that Redmond had no money. Redmond refused to drop the victim off at her request, and, when she attempted to get out of his vehicle, he snatched her back in by her hair. He then made it clear that he was going to have sex with the victim whether she wanted to or not—and then he did.

Redmond dropped the victim off at a bus stop after exchanging phone numbers; he wanted to bring her money another day. Law enforcement tracked the phone number to Redmond, who closely resembled the description given by the victim. He also happened to be in possession of the same vehicle described by the victim. When confronted with outgoing phone calls from his phone to the victim's, Redmond explained that someone likely took his phone in the middle of the night and called the victim, but quickly returned the phone to Redmond before he ever found out it was gone. The victim positively identified Redmond in a photo lineup.

The State presented the testimony of Berenger Chan from the Florida Department of Law Enforcement, who discussed his analysis of several DNA swabs taken from the victim; Chan found DNA of multiple individuals, excluding the victim. Redmond was excluded as a contributor to one sample, included as a possible contributor in several others, and a "match" to one partial DNA profile. A report of Chan's findings, including statistics of the likelihood that DNA found belonged to Redmond, was admitted into evidence without objection by the defense.

Following the trial, the court asked if the parties were prepared to proceed to sentencing. Redmond notified his counsel that some of the prior convictions on the criminal scoresheet were not his, but his brother's, and that he did not want crimes he did not commit to elongate his sentence. Defense counsel notified the trial court of the situation, and the court reset sentencing so the defense could fully investigate Redmond's criminal history. When Redmond returned to court for sentencing, he was served with a notice of intent to seek habitual felony offender sentencing, and subsequently sentenced as a habitual felony offender.

I.

Redmond's postconviction motion alleged that his trial counsel was ineffective for three reasons: 1) she requested a continuance before sentencing, allowing the State time to serve notice of its intent to seek habitual felony offender sentencing; 2) she failed to adequately impeach the victim with prior testimony; and 3) she failed to ensure that Chan was qualified to present DNA evidence. The trial court summarily denied the first two grounds, and we affirm as to these grounds without further

2

comment. The trial court ordered an evidentiary hearing to hear Redmond's final claim.

To demonstrate ineffective assistance of counsel, a defendant must both: 1) overcome the presumption that his trial counsel's performance was not constitutionally deficient, and 2) show prejudice by way of a reasonable probability that the result would have been different absent this deficiency. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984); *State v. Bright*, 200 So. 3d 710, 730 (Fla. 2016); *Rutherford v. State*, 727 So. 2d 216, 220 (Fla. 1998).

At the hearing, Redmond argued that there was insufficient evidence at trial of Chan's qualifications, including any background working with statistics or genetics, any scientific publications authored, or his experience working with the database used to compute the probability statistics. In short, Redmond argued that he had no idea whether Chan was qualified or not.

The trial prosecutor testified that Redmond's trial counsel had deposed Chan prior to trial, and questioned him extensively on his qualifications and analysis. Because Redmond's counsel was aware of Chan's sufficient experience and qualifications, the prosecutor assumed, she did not make useless *pro forma* objections, especially as the theory of defense was not identification.

The trial court denied Redmond's claim, finding that he presented no evidence that Chan was unqualified or that any trial objections would have been sustained, and thus, that his trial counsel was ineffective. We agree. In simply arguing that he did not know whether or not Chan was qualified, Redmond proved neither deficiency nor prejudice by his trial counsel.

AFFIRMED.

WINOKUR, JAY, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Deana K. Marshall, Law Office of Deana K. Marshall, P.A., Riverview, for Appellant.

Pamela Jo Bondi, Attorney General, and Sharon Traxler, Assistant Attorney General, Tallahassee, for Appellee.